Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael S. Kanne<br>Philip G. Reinhard<br>Terence T. Evans | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6566 | **DATE** | 9/17/2001 |
| **CASE TITLE** | Barnow vs. Ryan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the attached Memorandum Opinion and Order, Barnow's motion to remand is denied and the objecting defendants' motion to remand is also denied. Barnow's request for oral argument on the motion to remand is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 17 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | SEP 17 2001 date mailed notice | |
| smw | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**DOCKETED**

**SEP 17 2001**

BEN BARNOW, individually as a )
registered voter, )
)
Plaintiff, )
) No. 01 C 6566
v. )
)
JIM RYAN, in his official capacity )
as the Illinois Attorney General; )
JESSIE WHITE, in his official )
capacity as the Illinois Secretary )
of State; the STATE BOARD OF )
ELECTIONS and its members, JOHN )
R. KEITH, WILLIAM M. McGUFFAGE, )
DAVID E. MURRAY, PHILIP R. )
O'CONNOR, ALBERT PORTER, ELAINE )
ROUPAS, WANDA L. REDNOUR, and )
JESSE SMART, all named in their )
official capacities; and the )
ILLINOIS LEGISLATIVE REDISTRICTING )
COMMISSION and its members, TOM )
CROSS, BARBARA FLYNN CURRIE, )
VINCE DEMUZIO, WALTER DUDYCZ, )
RAYMOND EWELL, THOMAS MARCUCCI, )
THOMAS McCRACKEN, and JORGE )
RAMIREZ, all named in their )
official capacities, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

### I. Introduction

On August 17, 2001, plaintiff Ben Barnow filed a two-count complaint in the Illinois Supreme Court against defendants Jim Ryan, in his official capacity as the Illinois Attorney General, Jesse White, in his official capacity as the Illinois Secretary of State, the State Board of Elections and its members, in their official capacities, and the Illinois Legislative Redistricting Commission and its members, in their official capacities. On

1

August 23, 2001, the Attorney General, purporting to represent all the defendants, filed a notice of removal, removing the lawsuit to the Northern District of Illinois, Eastern Division. On August 27, 2001, Barnow filed a motion to remand the case to the Illinois Supreme Court.[1] A similar motion was made by certain defendants, namely, the Secretary of State, certain members of the Legislative Redistricting Commission (Currie, Demuzio, Ewell and Ramirez), and certain members of the State Board of Elections (Keith, McGuffage, Porter and Rednour) who are also represented by counsel other than the Attorney General. Pursuant to 28 U.S.C. § 2284(b)(1), Circuit Court Judges Michael Kanne and Terence Evans were designated to serve on the three-judge panel along with District Court Judge Reinhard. The same three-judge court is serving in the related case currently pending, Winters et al. v. Illinois State Board of Elections et al., No. 01 C 50229. This Opinion addresses both motions to remand.

## II. Analysis

Barnow initially argues removal is improper because not all defendants consented to the removal. As a general rule, all defendants must join in removal for it to be effective. See

---

[1] In his motion to remand, Barnow also moved to stay the defendants' motion to reassign the case pending a decision on the motion to remand. Chief District Judge Aspen, to whom this case was originally assigned, ruled upon the stay portion of Barnow's motion and denied it. Pursuant to LR 40.4, District Judge Reinhard found this case and Winters were related and has been assigned to this case.

2

<u>Northern Ill. Gas Co. v. Airco Indus. Gases</u>, 676 F.2d 270, 272 (7th Cir. 1982). The Attorney General removed the case on behalf of all the defendants. Barnow argues the Attorney General did not have the authority to consent to removal on behalf of the objecting defendants. The objecting defendants argue the Attorney General violated his ethical duties to them in removing the case without their consent. The court finds the Attorney General did not need their consent and, consequently, did not violate any ethical duties in removing the case to federal court without the objecting defendants' consent.

The Court of Appeals for the Seventh Circuit was faced with a similar issue in <u>Ryan v. State Board of Elections</u>, 661 F.2d 1130 (7th Cir. 1981), a case involving the reapportionment of United States congressional districts in Illinois. The appeal in <u>Ryan</u> involved the consolidation of two cases, one of which had been originally filed in state court and then removed to a federal district court. <u>See</u> <u>id.</u> at 1132. The plaintiff argued the removal petition was defective because the Attorney General lacked the authority to file a removal petition on behalf of the State Board of Elections and its members. <u>See</u> <u>id</u>. at 1133.

The Court of Appeals rejected this argument. After noting there was no evidence the State Board of Elections disagreed with the Attorney General's actions, the Court of Appeals went on to state, "it is settled as a matter of Illinois law that the Attorney General is the sole officer who may conduct litigation in which the people of the State of Illinois are the real parties

3

in interest." Id. (citing People ex rel. Scott v. Briceland, 359 N.E.2d 149 (Ill. 1976)); see generally Attorney General Act, 15 ILL. COMP. STAT. 205/4 (2001) (Attorney General has duty to defend all actions and proceedings against any state officer in his official capacity); People ex rel. Hartigan v. E & E Hauling, Inc., 607 N.E.2d 165, 170-71 (Ill. 1992) (discussing Attorney General's responsibilities for representing the State's broader interests); EPA v. Pollution Control Bd., 372 N.E.2d 50, 51-52 (Ill. 1977) (as chief legal officer of the state, Attorney General has the constitutional duty to act as legal advisor and representative of state agencies; this grant of power results in a centralized legal advisory system). As the Court of Appeals stated in Ryan, the people of Illinois are the real parties in interest when legislative redistricting is at issue, and the Attorney General has the sole authority to conduct this litigation. See Ryan, 661 F.2d at 1133.

The objecting defendants also argue that because of their conflict of interest with the Attorney General, they are entitled to their own counsel under the State Employee Indemnification Act, 5 ILL. COMP. STAT. 350/2 ("Indemnification Act"). Section 2(a) of the Indemnification Act provides that state employees sued in their official capacity are to be indemnified by the State for any resulting personal liability. Id.; Tully v. Edgar, 676 N.E.2d 1361, 1363 (Ill. App. Ct. 1997). Section 2(b) further provides that if the Attorney General is unable to represent the state employee under section 2(a) because of a conflict of

4

interest, or if the employee is an elected official, the employee may retain his or her own personal attorney. See 5 ILL. COMP. STAT. 350/2(b); Tully, 676 N.E.2d at 1363-64.

The court finds neither section of the Indemnification Act applicable here. As for section 2(a), the individual members of the Board of Elections and the Legislative Redistricting Commission are not exposed to any risk of personal liability. Section 2(b) is likewise inapplicable. Defendants Currie and Demuzio argue they are elected members of the General Assembly and are accordingly entitled to their own counsel. However, they are not being sued in their capacities as members of the General Assembly. Rather, they are being sued in their official capacities as members of the Legislative Redistricting Commission, which are appointed, not elected, positions. See ILL. CONST. art. IV, § 3(b).

Barnow also relies on Ryan v. People ex rel. Burris, No. 91 C 6832, 1991 WL 247752 (N.D. Ill. Nov. 4, 1991) in arguing that the case was not properly removed. In Burris, another reapportionment case, the United States District Court for the Northern District of Illinois remanded the action to the Illinois Supreme Court. The district court found removal was not proper because not all the defendants had consented to removal. Burris, 1991 WL 247752, at *1. In so deciding, the district court held the State Board of Elections was not a nominal defendant and its consent was therefore needed. In theory, this court agrees; the Court of Appeals stated as much in Ryan. See Ryan, 661 F.2d at

5

1134. However, Burris is inapposite here. In Burris, the Attorney General sued the Secretary of State and the State Board of Elections. Of course, the Attorney General could not represent the State Board of Elections since he was a party to the case and on the opposite side of the fence. See People ex rel. Sklodowski v. State of Ill., 642 N.E.2d 1180, 1184 (Ill. 1994) (Attorney General can represent opposing state agencies if he is not an actual party or interested as a private individual). Such is not the case here.

Furthermore, the Attorney General did not need the consent of the Secretary of State because he is a nominal party.[2] Nominal parties are disregarded for removal purposes and need not join in the removal notice. See Airco, 676 F.2d at 272. If an official's duties are purely ministerial, the official is a nominal defendant. See Ryan, 661 F.2d at 1134. Here, the Secretary of State's duties with respect to legislative redistricting are limited to the following: receiving certification of Legislative Redistricting Commission members from the appointing authorities, holding on file a properly approved redistricting plan, and publicly drawing by random selection the ninth Commission member, if needed. See ILL. CONST. art. IV, § 3. These are purely ministerial duties. See Ryan, 661 F.2d at 1134. Because the court finds the Secretary of State is a nominal defendant, it need not reach the issue of whether he

---

[2] On the other hand, the State Board of Elections and the Legislative Redistricting Commission are not nominal defendants. See Ryan, 661 F.2d at 1134.

should be realigned as a plaintiff.

Barnow argues in the alternative that the state law claims in Count II should be remanded to the Illinois Supreme Court. Specifically, Barnow argues that, should this court determine the so-called tie-breaker provision of the Illinois Constitution, article IV, § 3, to be unconstitutional, the severability of that provision from the remainder of the Illinois Constitution is a novel and complex issue which has never been decided by the Illinois Supreme Court. Thus, according to Barnow, this issue should be remanded to the Illinois Supreme Court.

The court disagrees that the issue of severability (should it arise) is so novel and complex that this court lacks direction from the Illinois Supreme Court as to how it would analyze the issue. The Illinois Supreme Court has previously addressed severability in the redistricting context. See, e.g., People ex rel. Engle v. Kerner, 205 N.E.2d 33, 38-39 (Ill. 1965). The case will provide this court with the necessary guidance. Moreover, to remand the severability issue will result in a splintered approach to the entire redistricting issue. The severability issue is closely intertwined with the constitutionality of the tie-breaker provision. To remand to the state court on this one issue would result in a waste of judicial resources.

Barnow also argues this court should remand the state law claims because they predominate over the federal claims. In the alternative, he argues the entire complaint should be remanded to the Illinois Supreme Court pursuant to 28 U.S.C. § 1441(c)

7

because state law issues predominate over federal claims. The court disagrees with respect to the tie-breaker and severability issues. In Counts I and II, Barnow has invoked both the Illinois and United States Constitutions. At the very least, therefore, neither state nor federal claims predominate.

### III. Conclusion

For the reasons stated above, Barnow's motion to remand is denied and the objecting defendants' motion to remand is also denied. Barnow's request for oral argument on the motion to remand is denied.

E N T E R :

_____
MICHAEL S. KANNE, CIRCUIT JUDGE

_____
TERENCE T. EVANS, CIRCUIT JUDGE

_____
PHILIP G. REINHARD, DISTRICT JUDGE

DATED: September 17, 2001